**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KAREN WIDMAN, an individual,
a/k/a Karen Root,

     Plaintiff Counter
     Defendant - Appellee,

v.

MARILEE E. KEENE, an individual,

     Defendant Counterclaimant -
     Appellant,

DAVID SHELL, an individual,

     Defendant - Appellant,

and

JEFFS & JEFFS, P.C.; WILLIAM JEFFS,

     Consolidated Defendants -
     Appellees.

No. 14-4132
(D.C. No. 2:10-CV-00459-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Karen Widman and David Shell were once married. As part of their divorce proceedings, they entered into a Marriage Settlement Agreement ("MSA"). Under the MSA, Ms. Widman was obligated to pay Mr. Shell $1.2 million to equalize their assets. Ms. Widman made initial payments totaling $300,000 with the remaining balance of $900,000 to be paid through monthly payments over a ten-year period. The $900,000 obligation to Mr. Shell was secured by two promissory notes and two trust deeds to real property.

Ms. Widman began making monthly payments to Mr. Shell in July 2005. Mr. Shell subsequently assigned his benefits under the promissory notes to Marilee Keene in the fall of 2006. Mr. Shell and Ms. Keene (collectively "Appellants") began asserting in 2007 that payments had not been properly made and that this accelerated the notes so that the full amount of the principal ($900,000) was due, plus interest on that principal amount. Ms. Widman ultimately filed a declaratory judgment action in state court to resolve the dispute regarding her payments and to confirm that she had met her obligations under the notes.

Appellants removed the case to federal court. Ms. Keene then filed counterclaims, asserting that Ms. Widman had breached her obligations under the MSA and Ms. Keene was therefore entitled to foreclose on the trust deeds. Mr. Shell also filed a separate complaint against Ms. Widman, alleging that: Ms. Widman had not properly issued the promissory notes, payments had not been timely made, the balance of the entire debt was due, and interest was due on the full amount of the debt.

2

After a three day bench trial, the district court issued findings of fact and conclusions of law. The district court also made a number of declarations, including that: Ms. Widman had made all payments required under the MSA and promissory notes; she had never been default under the MSA and promissory notes and therefore the principal balance had not been accelerated; and Ms. Widman had timely made all payments, with the exception of the July 2007 payment. Regarding that payment, the court concluded that Ms. Widman owed Ms. Keene interest in the amount of $2,786.99. The court also declared that the remaining balances on the notes as of April 2014 were $46,665.96 (Green Gables Trust Deed Note) and $58,334.04 (Mesa Vista Trust Deed Note).

The court then entered judgment in favor of Ms. Widman and against appellants on Ms. Widman's complaint and on Ms. Keene's counterclaims. The court also consolidated Mr. Shell's separate complaint with Ms. Widman's action and dismissed Mr. Shell's complaint with prejudice. Finally, the court determined that Ms. Widman was the prevailing party and was therefore entitled to recover reasonable attorney's fees and costs.[1] This appeal followed.[2] We exercise jurisdiction over this case pursuant to 28 U.S.C. § 1291.

_____

[1] The court instructed Ms. Widman to file a request for the amount of fees within thirty days of entry of its decision. Ms. Widman did so, requesting $68,565.50 in fees. The district court initially awarded Ms. Widman that amount. But the court subsequently vacated that order to allow appellants additional time to file objections. The district court has not yet ruled on the amount of the fees and therefore that issue is not before us in this appeal. The fact that there is no final order on the amount of the fee award does not affect the finality of the district court's judgment on the merits of this case. *See Budinich v. Becton Dickinson & Co*., 486 U.S. 196, 202–03 (1988) (holding that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case").

3

I. Discussion

On appeal, appellants challenge a number of the district court's factual findings and conclusions of law, including that: (1) Ms. Widman executed and delivered the promissory notes to Mr. Shell; (2) the May 2007 payments were timely, but even assuming the May 2007 payments could be considered untimely, there was an accord and satisfaction, and (3) Ms. Widman was the prevailing party.

In addition to these challenges, appellants make a number of statements or complaints in their opening brief without adequately developing their arguments, *see* Fed. R. App. P. 28(a)(8)(A) (explaining that an appellant's argument must contain: "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). Most of these issues involve conclusory statements without supporting analysis and fail to include citations to the record or to relevant legal authority. *See, e.g.*, Aplt. Br. at 43. Appellees have identified these issues in their response brief. *See* Aplee. Br. at 39-41. We agree with appellees that the issues they identify from appellants' brief have been inadequately presented and we therefore decline to consider them. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("Consistent with [the requirement in Fed. R. App. P. 28(a)(9)(A)], we routinely have declined to consider arguments that . . . are inadequately presented [] in an appellant's opening brief.").

---

[2] At trial, Mr. Shell represented himself pro se, and Ms. Keene was represented by counsel. Appellants are both proceeding pro se on appeal.

We also note that appellants raised a new argument in their reply brief that was not raised in their opening brief. They argued that the district court erred in admitting Exhibit 16 (a Federal Express tracking statement) and, as a result, there was no admissible evidence to support a finding that the May 2007 payments were timely. We decline to consider this argument because arguments not raised in an opening brief are forfeited. *See id.* ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

The district court issued a fifty-two page decision that is thorough and well-reasoned. Having reviewed the district court's decision, the parties' briefs, the record, and the governing legal authority, we affirm the district court's judgment for substantially the same reasons stated in its Amended Memorandum Decision filed August 19, 2014, with the exception of its determination regarding the prevailing-party issue. We address the prevailing-party issue below as well as two evidentiary rulings that were not discussed in the district court's decision.

A. *Prevailing-party determination*

Appellants argue that the district court erred in its determination that Ms. Widman was the prevailing party and therefore entitled to an award of attorney's fees.[3] They assert that Ms. Keene was awarded a net monetary award and Ms. Widman lost on her request for a declaration that every payment was timely made and that no interest was

---

[3] The district court's determination that Ms. Widman was the prevailing party is properly before this court as part of the appeal from the district court's Amended Memorandum Decision and Judgment. As noted earlier, the amount of the fee award was briefed separately and remains pending in district court.

due. Appellants further complain that "[t]here is no analysis by the judge as to how he arrived at his conclusion that Widman was the prevailing party." Aplt. Br. at 40.

Ms. Widman counters that the district court did not err in its determination because the court "largely adopted the position taken by Widman at trial," noting that the court only "found one out of over a hundred payments to have been made late." Aplee. Br. at 35. Ms. Widman further notes that the district court rejected appellants' claims that: (1) they were owed interest in excess of $700,000; (2) the balance on the notes was almost $900,000; and (3) they had the right to foreclose on the collateral.

State law governs the question of whether Ms. Widman is the prevailing party and therefore entitled to an award of attorney's fees. *See Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008) ("In diversity cases, attorney fees are a substantive matter controlled by state law."). The parties agree that California law applies and refer this court to Cal. Code Civ. P. § 1032(a)(4) for the definition of "prevailing party."[4] *See* Aplt. Br. at 40, Aplee. Br. 34-35. Although the parties offer their positions on why the district court's determination was correct or incorrect given the facts of the case and the language in § 1032(a)(4), the district court never mentioned that section and did not

---

[4] Cal. Code Civ. P. § 1032(a)(4) states:

"Prevailing party" includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

6

provide any rationale for its prevailing-party determination, *see* R., Doc. 167 at 49-50.
We have noted that "[g]enerally, district courts must give an adequate explanation for
their decision regarding requests for attorney's fees, otherwise we have no record on
which to base our decision." *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir.
2005). Under these circumstances, we remand to the district court to give it "an
opportunity to explain the basis for its [prevailing-party] decision." *Id*. at 723.

B. *Judicial Estoppel*

Appellants filed a pre-trial motion for judicial estoppel. In the motion, appellants
sought to preclude trial testimony that was inconsistent with certain statements
Ms. Widman made in an affidavit she filed in a state court proceeding in 2007. In the
affidavit, Ms. Widman testified that the promissory notes were recorded in Utah. In the
motion for judicial estoppel, appellants asserted that Ms. Widman was likely to provide
inconsistent testimony on the issue of whether the promissory notes were recorded. The
district court denied the motion.

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion."
*Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013) (internal quotation
marks omitted). It may be applied when "a party's subsequent position . . . [is] clearly
inconsistent with its former position" and when the party has "succeeded in persuading a
court to accept that party's former position." *Id*. (internal quotation marks omitted). In
denying the motion, the district court explained:

> Under the court's discretion, I believe that given all of the circumstances of
> this case it's best for the court to hear the evidence and you can use the
> prior statements to the extent the Rules of Evidence would permit them,

and I will make a judgment as to what weight or credibility to give to all of the statements based on the evidence that is presented at trial.

R. at 148.

Because Ms. Widman had not yet testified at trial, she had not yet been given the opportunity to testify about any alleged inconsistencies or give context to statements she made in her earlier affidavit.[5]  Moreover, the affidavit was used in support of a motion for a protective order in the state proceeding, and—although Ms. Widman was successful in obtaining the protective order—there is no order from that court formally adopting or accepting Ms. Widman's position that the promissory notes had in fact been recorded. We therefore see no abuse of discretion in the district court's decision to deny appellants' pre-trial motion for judicial estoppel.  *See Queen*, 734 F.3d at 1086-87 (explaining that we review district court's decision to apply judicial estoppel for abuse of discretion).

### C.  *Exhibit 410*

Appellants also assert that the district court abused its discretion in not reopening the trial proceedings to admit Exhibit 410 (Mr. Shell's drafts of the promissory notes with handwritten notes).  Although appellants testified about the contents of this exhibit during their case in chief, they never moved to have the exhibit admitted.  After closing arguments were completed, Mr. Shell asked the district court to reopen the case to admit Exhibit 410.  The district court denied the request, explaining:

---

[5] At trial, Ms. Widman testified that when she made the statement in her 2007 declaration that the promissory notes had been recorded, she thought her counsel had recorded the promissory notes.  The court noted that "[it] had the opportunity to judge Widman's credibility at trial as she testified on the issue and concludes that Widman did not knowingly make a false statement in her declaration."  R., Doc. 167 at 47.

> I'm not going to allow you to reopen to admit [Exhibit 410] because that doesn't give the opportunity to the plaintiff to adequately cross-examine that evidence. It was referred to when you showed it to Mr. Jeffs. If you had intended to offer [it] in evidence, it should have been done during your or Ms. Keene's testimony. It wasn't done. At this point to reopen it after closing argument would be extremely prejudicial.

R. at 480. We see no abuse of discretion in the district court's decision not to reopen the trial proceedings to admit Exhibit 410. *See Morsey v. Chevron, USA, Inc.*, 94 F.3d 1470, 1477 (10th Cir. 1996) ("A motion to reopen a case to receive additional evidence is committed to the sound discretion of the trial court and will be reversed only for abuse of discretion.").

## II. Conclusion

We affirm the district court's judgment with the exception of its determination that Ms. Widman is the prevailing party, which is found at ¶11 of the Amended Memorandum Decision, R. Doc. 167 at 52, and ¶6 of the Judgment, R. Doc. 168. We vacate and remand the prevailing-party determination to the district court to explain the rationale for its decision.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

9