FILED
United States Court of Appeals
Tenth Circuit

January 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KAREN WIDMAN,

      Plaintiff - Appellee,

v.

MARILEE E. KEENE; DAVID
SHELL,

      Defendants - Appellants.

No. 17-4092
(D.C. No. 2:10-CV-00459-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal involves the district court's award of attorney fees in

litigation growing out of a divorce. The couple entered into a settlement

agreement, and the wife (Karen Widman) issued promissory notes to the

husband (David Shell). But new disputes emerged, and Mr. Shell and Ms.

Widman sued one another over alleged breaches. Mr. Shell assigned the

_____

[*]    The parties do not request oral argument, and it would not materially
help us to decide this appeal. As a result, we decide the appeal based on
the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

promissory notes to a third party, Ms. Marilee Keene, who alleged that Ms. Widman had failed to make timely payments. The district court ultimately decided the respective claims, finding that Ms. Widman had owed only $2,786.99 in interest.

In light of these findings, the district court concluded that Ms. Widman was the prevailing party and awarded her $63,843.00 in attorney fees. On appeal, Mr. Shell and Ms. Keene argue that

- state law did not authorize an award of attorney fees and

- Ms. Widman was not the prevailing party.

The district court rejected these arguments and declined to reconsider. We affirm.

## I.    Availability of Attorney Fees to the Prevailing Party

The threshold issue is whether attorney fees were awardable to the prevailing party. Mr. Shell and Ms. Keene contend that the fees were not awardable. We conclude that they were.

### A.    Applicability of Cal. Civ. Code § 1717

The parties agree that the availability of attorney fees is governed by California law. But the agreement ends there. Mr. Shell and Ms. Keene argue that the availability of a fee award is governed by Cal. Civ. Proc. Code § 1032, and Ms. Widman contends that Cal. Civ. Code § 1717 is controlling. We agree with Ms. Widman.

2

Both provisions authorize attorney fees to the prevailing party, but identifying the applicable statute could matter because the two statutes define the prevailing party differently. *Compare* Cal. Civ. Code § 1717(b)(1), *with* Cal. Civ. Proc. Code § 1032(a)(4).

Section 1717 "governs attorney fees awards authorized by contract and incurred in litigating claims sounding in contract." *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 149 Cal. Rptr. 3d 440, 445 (Cal. Ct. App. 2012). This section addresses actions to enforce contracts that authorize recovery of attorney fees. Under § 1717, the party that prevails shall be entitled to a reasonable award of attorney fees. Cal. Civ. Code § 1717(a).

In contrast, § 1032 is California's general provision for recovery of litigation costs. Cal. Civ. Proc. Code § 1032. Such costs may include attorney fees. *See* Cal. Civ. Proc. Code § 1033.5(a)(10). But when the contract authorizes a fee award and the suit includes a claim to enforce the contract, we must apply § 1717 rather than the more general provision in § 1032. *Sears v. Baccaglio*, 70 Cal. Rptr. 2d 769, 783-84 (Cal. Ct. App. 1998). Thus, § 1717 governs here if (1) the underlying contracts authorize a fee award and (2) a party sued to enforce the contracts.

**B.    Whether the Contracts Authorized an Award of Attorney Fees**

We further conclude that the underlying contracts (the settlement agreement and promissory notes) authorize an award of attorney fees in an action to enforce the settlement agreement or promissory notes.

**1.    The Settlement Agreement**

The settlement agreement provides:

> Except as otherwise specifically provided in this Agreement, both Parties waive the right to apply for attorney's fees and costs in . . . any proceedings to enforce any of the terms of this Agreement, except that the court may award attorney's fees and costs to any Party it determines to be the prevailing party.

R. vol. 1, at 129. This provision contains three clauses:

1.    An "except clause"

2.    A "waiver clause"

3.    A second "except clause"

The most reasonable interpretation of the two except clauses is that they modify the immediately adjacent clause. Otherwise there would have been no reason to separate the two clauses. Because the waiver clause is sandwiched between the two except clauses, the two except clauses must modify the waiver clause.

The waiver clause states that both parties generally waive the right to apply for attorney fees and costs in an action to enforce the terms of the agreement. The first except clause modifies that general rule, recognizing

4

the enforceability of other contract provisions that specifically provide for the right to recover attorney fees.

Mr. Shell points to two such provisions: "Tax Matters" and "Claims by Third Parties." R. vol. 1, at 122, 129. These provisions authorize recovery of attorney fees in certain matters involving indemnification. Under the first except clause, these provisions can give rise to a claim for attorney fees notwithstanding the general waiver.

The second except clause must modify the waiver clause because these clauses are adjacent to one another. The second except clause states that the court may award attorney fees and costs to the prevailing party. This clause makes sense only if it is based on a statutory source (like § 1717) for a fee award. Thus, if attorney fees are awardable under § 1717, the parties preserved their statutory rights. Otherwise the parties waived their right to seek a fee award.

Mr. Shell contends that the second except clause must refer to provisions elsewhere in the settlement agreement, such as the clauses on tax matters and claims by third parties. But these matters are encompassed in the first except clause. Presumably the two except clauses aren't simply duplicative. *See* Cal. Civ. Code § 1641.

In our view, the second except clause preserves the parties' rights to seek fee awards under statutes like § 1717.

## 2. The Promissory Notes

For Ms. Keene, the issue is whether the promissory notes authorize a fee award. They do, expressly authorizing a fee award to the creditor in a successful collection action:

> If this Note is collected by an attorney after default in the payment of principal or interest, either with or without suit, the undersigned [Ms. Widman], either jointly or severally agree [sic] to pay all costs and expenses of collection including a reasonable attorney's fee.

R. vol. 1, at 227-28.

This provision appears to confine a fee award to the creditor. But California law makes this provision reciprocal, allowing recovery of attorney fees by whichever party prevails. *Santisas v. Goodin*, 951 P.2d 399, 406 (Cal. 1998). Thus, a collection action over the promissory notes would authorize an award of attorney fees to whichever party prevails.

## C. Whether a Party Sought Enforcement of a Contract

Section 1717 is triggered by an action to enforce a contract that specifically provides for the recovery of attorney fees. Cal. Civ. Code § 1717(a). We have already concluded that the settlement agreement and promissory notes are contracts providing for the recovery of attorney fees. Thus, the applicability of § 1717 turns on whether a party has sought enforcement of the contracts. In our view, this requirement was satisfied.

6

### 1.    The Settlement Agreement

For Mr. Shell, the applicability of § 1717 turns on whether either he or Ms. Widman had sued to enforce the terms of the settlement agreement. If either party did so, § 1717 would apply. Thus, we must determine whether either Mr. Shell or Ms. Widman sued to enforce the terms of the settlement agreement. We conclude that Mr. Shell did.

In his counterclaim, Mr. Shell alleged that Ms. Widman had breached the settlement agreement by failing to make timely payments, had failed to obtain Mr. Shell's approval of the promissory notes, and had failed to execute and deliver the promissory notes. And in his trial brief, Mr. Shell relied on the settlement agreement in arguing that Ms. Widman had failed to make timely payments. These claims in the counterclaim and trial brief involve enforcement of the terms of the settlement agreement, triggering § 1717.

### 2.    The Promissory Notes

For Ms. Keene, the applicability of § 1717 turns on the nature of the claims involving the promissory notes. Ms. Widman sued Ms. Keene, alleging timely satisfaction of all obligations under the promissory notes and requesting a determination that the balance of each promissory note was $480,000 or less. In return, Ms. Keene alleged that Ms. Widman continued to owe over $900,000 under the promissory notes. Ms. Keene characterized the respective claims as differences over "the obligations

7

under [the promissory notes]." R. vol. 1, at 26. These contract-based claims trigger § 1717, rendering attorney fees awardable to whichever party prevailed in the litigation over the promissory notes.

## D. Mr. Shell's Pro Se Status

Mr. Shell contends that his ineligibility for an award of attorney fees would prevent Ms. Widman from recovering attorney fees. Mr. Shell represented himself, so he could not recover an award of attorney fees. But Mr. Shell's inability to recover a fee award does not relieve him of the obligation to pay his adversary's attorney fees:

> Any litigant who chooses to represent himself in an action to which section 1717 applies necessarily assumes the risk that he may be required to pay his opponent's attorney fees if he does not prevail, even though he will not be compensated for his own time and effort regardless of the result.

*Trope v. Katz*, 902 P.2d 259, 270 (Cal. 1995). Thus, we reject Mr. Shell's contention.

## E. Effect of the Prior Appeal

Mr. Shell and Ms. Keene contend that we have previously held that § 1032 governs the availability of a fee award. We disagree. In a prior appeal, we simply noted that the parties had referred to § 1032(a)(4) for the definition of the "prevailing party." *Widman v. Keene*, 628 F. App'x 579, 583 (10th Cir. 2015) (unpublished). We had no occasion there to decide whether the availability of attorney fees was governed by § 1032 or § 1717.

8

## II.    Identification of the Prevailing Party

The district court identified Ms. Widman as the prevailing party, which entitled her to attorney fees from both Mr. Shell and Ms. Keene.

Section 1717 defines "prevailing party" as "the party who recovered a greater relief in the action." Cal. Civ. Code § 1717(b)(1). This is not necessarily the party who recovered greater *monetary* relief. *Poseidon Dev., Inc. v. Woodland Lane Estates, LLC*, 62 Cal. Rptr. 3d 59, 69 (Cal. Ct. App. 2007). When the results of the litigation are mixed, we must compare the relief granted with the parties' demands and litigation objectives. *In re Tobacco Cases I*, 124 Cal. Rptr. 3d 352, 361 (Cal. Ct. App. 2011).

The district court found that Ms. Widman had achieved greater relief than either Mr. Shell or Ms. Keene. This finding was supported by the evidence. Ms. Widman sued to obtain a declaration that she had not defaulted on the promissory notes, had executed and delivered the promissory notes, and had not owed late fees. The district court agreed with Ms. Widman on all three points.

As Ms. Keene points out, the district court also found that Ms. Widman had owed $2,786.99 in interest. But the district court acted reasonably in determining that Ms. Keene had obtained less relief than Ms. Widman. As a result, we conclude that the district court acted within its discretion in characterizing Ms. Widman as the prevailing party.

9

## III.  Ms. Keene's Motion to Reconsider

In district court, Ms. Keene filed a motion to reconsider under Fed. R. Civ. P. 59 and 60. The district court denied this motion, and we review the court's decision for abuse of discretion. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).

Ms. Keene does not explain why she was entitled to relief under Rule 59 or Rule 60. Instead, she argues that the district court was wrong to accuse her of mischaracterizing the record and urges us to "order the judge to provide the factual bases for the [court's] statement. If there is no such basis, it is requested that the judge issue a written apology." Appellants' Opening Br. at 46. But our role is limited to correcting errors of law, and we conclude that the district court did not err in denying the motion to reconsider.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge

10