**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

BENNIE L. WALTERS,

      Plaintiff–Appellant,

v.

WAL-MART STORES, INC, a foreign
for profit business corporation;
WAL-MART STORES EAST, INC.,
a foreign for profit business corporation;
WAL-MART STORES EAST, LP,
a foreign limited partnership,

      Defendants–Appellees.

No. 11-5130

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:09-CV-00447-GKF-FHM)**

---

Bennie L. Walters, pro se.

Steven A. Broussard (Stephanie T. Gentry with him on the briefs), Hall, Estill, Hardwick,
Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, for the Defendants-Appellees.

---

Before **BRISCOE**, Chief Judge, **McKAY**, and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

     Bennie Walters brought employment discrimination claims against his former

employer, Wal-Mart Stores, Inc. ("Wal-Mart"). The parties reached an apparent

settlement during a settlement conference, but Walters later refused to sign the written agreement. The district court granted Wal-Mart's motion to enforce the agreement and denied Walters' motion for reconsideration. Walters appeals both rulings.

Before reaching the merits of the appeal, we must resolve a jurisdictional dispute borne of the district court's failure to enter its judgment in a separate document as required by Fed. R. Civ. P. 58(a). We hold that under these circumstances, an appellant remains entitled to the extended deadline for filing a notice of appeal even if he files a motion for reconsideration before the judgment is deemed "entered" under Fed. R. Civ. P. 58(c). We thus have jurisdiction over the case under 28 U.S.C. § 1291, and reaching the merits, we affirm.

**I**

Walters, a fifty-six-year-old African-American man, brought suit against Wal-Mart, alleging that it discriminated against him on the basis of race, age, disability, and gender. Approximately eighteen months after the suit was filed, the parties, both represented by counsel, reached a purported settlement agreement during a court-ordered settlement conference conducted by a magistrate judge. Wal-Mart's counsel furnished Walters' counsel with a copy of the written agreement. Walters' attorney requested that the document be modified to reflect the allocation of the settlement funds. Because Wal-Mart had to alter its written agreement to conform to the request, the parties instead signed a separate document entitled

- 2 -

"Settlement Terms." This document set forth the amount to be paid to Walters in conjunction with Walters' agreement to release all claims and dismiss the case with prejudice. It also contained an agreement that within twenty days, the parties would prepare a formal settlement document consistent with the forms given to Walters' counsel at the conference.

Following the settlement conference, the district court entered an order dismissing Walters' case without prejudice and granted the parties thirty days to submit final closing papers. Walters' and Wal-Mart's counsel then modified the settlement agreement as planned. But when presented with the final agreement, Walters refused to sign it. He alleges that at the settlement conference, his attorneys misled him by erroneously telling him that his social security and workers' compensation claims would be at risk if he did not sign the original agreement—a contention that Walters' attorneys deny. Walters apparently also had other concerns about the agreement,[1] and alleges that within a week of the settlement conference, he informed his attorneys that he did not accept the settlement's terms and would not sign the final agreement. Three months after the settlement conference, Walters terminated his relationship with his attorneys. Since April 2011, he has proceeded pro se.

---

[1] As expressed to the magistrate judge during a status hearing in May 2011, Walters was concerned that the settlement agreement would prevent him from testifying in his wife's separate lawsuit against Wal-Mart. He was also wary because another attorney informed him that the settlement's terms were unfavorable.

At a status hearing in May 2011, Walters made clear that he would not sign the final agreement.  Wal-Mart then filed a motion to enforce the agreement reached at the settlement conference.  It also requested that the district court sanction Walters by awarding Wal-Mart its attorneys' fees incurred in bringing the motion.

The district court concluded that the agreement made at the settlement conference was a complete, enforceable contract.  Accordingly, the court granted Wal-Mart's motion to enforce the settlement agreement.  The court also granted Wal-Mart $2,000 in attorneys' fees, to be reduced from the settlement sum.  Although this order disposed of the case, the court did not enter the judgment in a separate document.  The court did, however, enter a "Minute Sheet" on the docket, but that unsigned document did not indicate that Wal-Mart's motion had been granted.  Walters then filed a motion to reconsider, which the court denied.  Walters now appeals both the bench ruling enforcing the agreement and the denial of the motion to reconsider.

## II

### A

As a threshold matter, we must first determine whether Walters timely filed his notice of appeal.  Federal Rule of Appellate Procedure 4(a) mandates that a notice of appeal must be filed within thirty days after a judgment is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.  Fed. R. App. P. 4(a)(7).  Under Rule 58, every judgment must be set out in a separate document.  Fed. R. Civ.

P. 58.  A judgment is thus not considered "entered" until the district court has satisfied the separate-document requirement.  In the absence of separate judgment, however, a judgment is deemed "entered" 150 days after the order disposing of the case is entered on the civil docket.  Fed. R. Civ. P. 58(c)(2).

Although the district court's order granting Wal-Mart's motion to enforce disposed of the case, the court did not set out its judgment in a separate document. Consequently, though the finality of that ruling was unaffected, <u>see</u> Fed. R. App. P. 4(a)(7)(B), the time for filing a notice of appeal was extended to January 11, 2012, thirty days after the date the judgment would have been deemed "entered" pursuant to Rule 58.  Walters filed his notice of appeal on September 28, 2011, thus making his appeal appear timely.

We reject Wal-Mart's contention that we should interpret the "Minute Sheet" as fulfilling the separate-document requirement, which would make Walters' notice of appeal untimely.  The minutes are not captioned as an order, are not signed, and do not on their face establish that the district court granted Wal-Mart's Motion to Enforce.  <u>See</u> <u>Silver Star Enters. v. M/V Saramacca</u>, 19 F.3d 1008, 1012 (5th Cir. 1994) (unsigned minute sheet is not a separate judgment).  Moreover, we have held that Rule 58 "should be interpreted to preserve an appeal where possible." <u>Thompson v. Gibson</u>, 289 F.3d 1218, 1221 (10th Cir. 2002); <u>see also</u> <u>In re Taumoepeau</u>, 523 F.3d 1213, 1217 (10th Cir. 2008) (separate-document rule is

applied mechanically when doing so is required to preserve a party's opportunity for appeal).

Wal-Mart also argues that Walters waived the separate-document requirement when he filed a motion to reconsider the district court's ruling.[2] As a consequence, Wal-Mart asserts that the district court's August 28, 2011 denial of Walters' motion triggered the thirty-day period for filing a notice of appeal, which he missed. See Fed. R. App. P. 4(a)(4)(A) (instructing that if a party files a Rule 59 or Rule 60 motion, the time to file a notice of appeal starts running upon entry of an order disposing of that motion). It appears this court has not been faced with this precise situation: when a motion for reconsideration is filed in the absence of a separate judgment, does the denial of that motion start the notice-of-appeal clock, or does the appellant remain entitled to the 150-day period for constructive entry of judgment provided by Fed R. Civ. P. 58?

We hold that under these circumstances an appellant remains entitled to the 150-day period for constructive entry of judgment. We are persuaded by the Ninth Circuit's reasoning in ABF Capital Corp. v. Osley, 414 F.3d 1061, 1064 (9th Cir. 2005). In that case, the Ninth Circuit held that until judgment had entered in one of the two ways mandated by Rule 58—either in a separate document or the passage of 150 days—an appellant had no obligation to appeal the judgment. Id. at 1065. The

_____

[2] Walters did not specify whether he sought relief under Fed. R. Civ. P. 59 or 60.

- 6 -

court reasoned that there was no evidence Congress meant to require appeal of a final judgment before entry of the judgment simply because a premature motion challenging the un-entered judgment had been denied. Id.

Here, like the plaintiff in ABF Capital Corp., Walters' motion to reconsider cannot shorten the time for appeal. "[N]othing in the rules or the commentaries suggests an intent to shorten the time for appeal if a post-judgment [motion] is filed." 414 F.3d at 1065. See Fed. R. Civ. P. 59(b) (motions must be filed "no later than 28 days after the entry of judgment"); Fed. R. Civ. P. 60(c)(1) (motions must be filed "no more than a year after the entry of judgment" or within a reasonable time). As such, the order denying reconsideration did not reduce Walters' time to appeal. This outcome is particularly appropriate considering that this court has already held that waiver of the separate-document requirement cannot be used to defeat jurisdiction. See Clough v. Rush, 959 F.2d 182, 186 (10th Cir. 1992); see also Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978) ("[The separate-document rule] should be interpreted to prevent loss of the right of appeal, not to facilitate loss." (quotation omitted)). We therefore hold that this court has jurisdiction to hear the appeal.

**B**

We review a district court's decision to enforce a settlement agreement for abuse of discretion. Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004). We also review the district court's denial of a motion to reconsider for abuse of discretion, whether it is construed as a Rule 59(e) or Rule 60(b) motion. Barber

ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009); Searles v. Dechant, 393 F.3d 1126, 1131 (10th Cir. 2004). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation omitted). We will leave the district court's decision undisturbed unless we have a definite and firm conviction that the court made a clear error of judgment. Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994).

Because settlement agreements are contracts, "[i]ssues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." Shoels, 375 F.3d at 1060. Under Oklahoma law, settlement agreements, which may be oral or written, are controlled by "the rules of offer and acceptance and of mutual assent which control any issue of contract formation." In re De–Annexation of Certain Real Property from City of Seminole, 204 P.3d 87, 89 (Okla. 2009). The consent of the parties must be free, mutual, and "[c]ommunicated by each to the other." Id. A party generally may not repudiate a settlement agreement absent fraud, duress, undue influence, or mistake. Whitehorse v. Johnson, 156 P.3d 41, 46 (Okla. 2007).

Our review reveals no error in the district court's conclusion that Walters and Wal-Mart established the essential elements of a contract. As the district court noted, the "Settlement Terms" document signed by Walters patently evidences the parties' intent to effectuate a defined settlement. The fact that certain formalities

remained--namely, the drafting of a final, formal document—does not undermine Walters' acceptance of Wal-Mart's offer of compromise. Thus, Walters was not in a position to repudiate the agreement even if he was later unhappy with its terms. Accordingly, the district court acted within its discretion in granting Wal-Mart's motion to enforce the agreement.

Walters argues, however, that his attorneys misled him at the settlement conference by telling him that his social security and workers' compensation benefits would be at risk if he did not agree to Wal-Mart's offer. But there is no evidence in the record to support the allegation that Walters acted under duress. On the contrary, in a hearing before the magistrate judge, Walters' attorneys denied that such a conversation took place. At that same hearing, Walters was reassured by the magistrate judge that his benefits were not at risk. There is thus no basis for reversing the district court's determination that Walters' assent to the "Settlement Terms" agreement was not the product of duress.

Walters also contends that he was not given twenty-one days to consider whether to sign the final settlement agreement, pursuant to one of its provisions. Although the "Settlement Terms" document does not reference such, the final agreement includes a "Twenty-One Day Consideration Period" to consider and accept the terms, during which Walters was encouraged to consult with an attorney regarding the terms. The provision was included in order to comply with the Older Workers Benefit Protection Act ("OWBPA"), which applies to waiver of age

discrimination claims. Under the OWBPA, in order for a waiver of Age Discrimination in Employment Act ("ADEA") claims to be considered knowing and voluntary and therefore valid, a twenty-one day consideration period is generally required. 29 U.S.C. § 626(f)(1)(F)(i). However, the twenty-one day provision does not apply to the settlement of a court case. See § 626(f)(2). Thus, the statutory period that Walters asserts he was improperly denied did not apply in his case. As such, the settlement agreement is not unenforceable on that basis.

Nevertheless, in order for a waiver to be considered knowing and voluntary in a court action alleging an ADEA claim, the individual must be given a reasonable period of time within which to consider the settlement agreement, and the waiver must "specifically refer[] to rights or claims arising under this chapter." § 626(f)(2)(A)-(B). Although valid questions remain as to whether Wal-Mart complied with either requirement under the OWBPA, Walters did not challenge Wal-Mart's compliance with the statute in the district court or in this appeal, and the issues are therefore waived. Cummings v. Norton, 393 F.3d 1186, 1190 (10th Cir. 2005) ("[I]ssues not raised below are waived on appeal."). Walters claimed that he had informed his attorneys that he did not want to sign the formalized settlement agreement and was denied the contractual twenty-one day consideration period. He does not mention the statute. While we liberally construe Walters' pro se filings, we will not "assume the role of advocate" and make his arguments for him. See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Finally, Walters appears to challenge the denial of his motion to reconsider. He does not provide any support for such a challenge, and the record contains no evidence that the district court clearly misapprehended the facts, Walters' position, or the controlling law.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Thus, we have no reason to disturb the district court's denial of his motion to reconsider.

## III

The judgment of the district court is **AFFIRMED**. We **GRANT** Walters' motion to proceed in forma pauperis.