FILED
United States Court of Appeals
Tenth Circuit

April 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER J. GIBBONS,

        Plaintiff - Appellant,

and

ELSE DONNELL; GLADYS
MATTHEWS; DANIEL MATTHEWS,

        Plaintiffs,

    v.

HIDDEN MEADOW, LLC; WARREN
BRANDOW,

        Defendants - Appellees,

and

FRUITLAND DEVELOPMENT
GROUP; SPRING WATER CAPITAL;
GREG HOWELL and DERRICK
BETTS, individuals,

        Defendants.

No. 11-4208

(D. Utah)

(D.C. No. 2:07-CV-00990-CW-SA)

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value

(continued...)

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Appellant Peter Gibbons and others invested $650,000 in Fruitland Development Group so that Fruitland could purchase 424 acres from Hidden Meadow, LLC. The principals of Fruitland, however, spent the $650,000 on other things and the acreage was never purchased. Several investors brought suit against the Fruitland principals and included derivative-action claims against various persons and entities that were allegedly liable to Fruitland. The present appeal by Gibbons, acting pro se, challenges the district court's award of summary judgment to Hidden Meadow and Warren Brandow, a member of the company (Defendants). Gibbons argues that the district court improperly granted judgment on claims that Defendants were unjustly enriched, negligently misrepresented facts, and engaged in a civil conspiracy.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.     **DISCUSSION**

A.     **Standard of Review**

---

*(...continued)
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]The district court also entered summary judgment for Defendants on a claim for receipt of stolen property; Gibbons does not challenge that decision on appeal.

We review the district court's grant of summary judgment de novo, "applying the same standards that the district court should have applied." *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011) (internal quotation marks omitted). Summary judgment is appropriate if the pleadings and the record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See id.* "We can affirm on any ground supported by the record, so long as the appellant has had a fair opportunity to address that ground." *Id.* (brackets and internal quotation marks omitted).

Because Gibbons is acting pro se, we review his pleadings generously. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013). But a pro se party still must follow the rules of procedure, and we cannot construct arguments for him. *See id.* In particular, Gibbons's arguments against the district court's decision must be set forth in his opening brief. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012). Challenges to the district court's ruling that are not made until the reply brief are waived. *See id.*; *Graham v. Hartford Life & Accident Ins. Co.*, 589 F.3d 1345, 1361 n.7 (10th Cir. 2009).

## B.    Unjust-Enrichment Claim

Gibbons's first claim was that Defendants were unjustly enriched when they retained the $150,000 earnest-money deposit that Fruitland forfeited when it failed to make the payments necessary to close the purchase of the 424 acres.

The district court granted summary judgment to Defendants on the ground that the real-estate purchase contract between Fruitland and Hidden Meadow governed the rights of the parties relating to the contemplated purchase, and that under Utah law no action for unjust enrichment will lie if the parties have entered into an enforceable contract on the matter.

Gibbons's sole challenge to this decision in his opening brief is that there was no enforceable contract because Hidden Meadow had misrepresented that a prior mortgage on the acreage could be subordinated to a mortgage that Fruitland would need to grant to obtain a loan for the cash payment required at closing for the purchase. But Gibbons has presented no evidence of a misrepresentation. He has relied on a finding in the stipulated judgment in this case between Derrick Betts (a member of Fruitland) and the plaintiffs. The finding is that Betts stated that Hidden Meadow and Brandow had represented that the prior mortgage could be subordinated to allow Fruitland to obtain bank financing. But this stipulation does not bind Hidden Meadow or Brandow, neither of whom were parties to the settlement. And because Betts's statement is hearsay, it is not proper evidence in opposition to a motion for summary judgment. *See Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir. 1998). Gibbons argues that Betts's statement was admissible under the hearsay exception for statements against interest. But he fails to argue *how* the statement was against Betts's

interest and makes no attempt to show that Betts was unavailable as a witness, as would be required to apply the exception. *See* Fed. R. Evid. 804(b)(3).

### C. Negligent-Misrepresentation Claim

Gibbons's second claim was that Defendants were liable for negligently misrepresenting that the prior mortgage on the property could be subordinated to a bank mortgage necessary to allow Fruitland to finance the purchase price. The district court granted summary judgment on this claim on the ground that Utah's economic-loss rule barred recovery of Fruitland's economic damages in tort because all of Defendants' duties to Fruitland arose out of a contract. *See Hermansen v. Tasulis*, 48 P.3d 235, 240 (Utah 2002) ("[A] party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach *absent an independent duty of care* under tort law." (internal quotation marks omitted)). On appeal Gibbons argues that the economic-loss rule should not have been applied in this case because the district court "concluded in error that an enforceable contract existed despite triable issues of fact to the contrary." Aplt. Br. at 12. As we have already explained, however, Gibbons failed to bring forward sufficient evidence to support this argument. He also argues that "the question of whether a duty exists independent of the contract, such as pre contractual disclosures of conflicts of interests, are not even considered by the trial court." *Id.* But he points to no independent source of duty. Thus, we affirm the district court's decision on this claim.

-5-

**D.     Civil-Conspiracy Claim**

As to the civil-conspiracy claim, the district court granted summary judgment to Defendants because the plaintiffs failed to establish a meeting of the minds between Brandow and Hidden Meadow on one side and the Fruitland members on the other.  It stated that the plaintiffs' assertions, "even if evidence could be offered to support them, substantiate nothing more than that the Defendants were in a position where they *could have* conspired."  Aplt. App., pt. II at 537 (Memorandum Decision & Order at 10, *Gibbons v. Nat. Real Estate Investors*, No. 2:07-cv-00990-CW-SA (D. Utah Dec. 6, 2011)) (emphasis added). In response Gibbons argues:

> Indeed if it can be shown that the "Defendants were in a position where they could have conspired" then it is entirely possible that trial testimony could lead a jury to conclude that they did conspire.  The conclusion by the trial court to the contrary presumes that no further evidence or testimony could be introduced at trial.

Aplt. Br at 13.  This argument misapprehends Gibbons' burden in opposing Defendants' motion for summary judgment.  As the party who would be required to prove the civil-conspiracy claim at trial, Gibbons had to "make a showing sufficient to establish the existence of" each challenged element of that claim at the summary-judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is not enough to assert that the necessary evidence may be produced at trial.

## II.    CONCLUSION

We AFFIRM the judgment of the district court on all three claims.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge