FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MIGUEL CARRANZA; AMELIA
SANCHEZ, as natural parents of
Jesúa M.V. Carranza Sanchez, deceased,

Plaintiffs–Appellants,

v.

UNITED STATES OF AMERICA,

Defendant–Appellee.

No. 12-4149
(D.C. No. 2:07-CV-00291-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiffs Miguel Carranza and Amelia Sanchez brought this suit pursuant to

the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680, after

their child, Jesúa Miguel Valentin Carranza Sánchez, was delivered stillborn.

Following a bench trial, the district court entered judgment in favor of the United

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

States on plaintiffs' medical malpractice/wrongful death claim. Proceeding pro se, plaintiffs appeal from the district court's order denying their motion for reconsideration. Because their appellate issues relate to the sufficiency of the evidence and they did not provide an adequate record on appeal, we must affirm the decision of the district court.

**I**

Beginning on January 5, 2006, Mrs. Sanchez was seen regularly for prenatal visits at Mountainlands Community Health Center ("Mountainlands"). On April 19, 2006, late in her pregnancy, she was admitted to Mountainlands after she stopped feeling movement of her baby. Tests at the hospital revealed no fetal heartbeat or movement, and an ultrasound examination confirmed the baby's demise.

Dr. Vernon White, the Mountainlands physician on call, induced labor and delivered a stillborn baby the next day. Dr. White noted that the umbilical cord was wrapped tightly around the baby's neck ("nuchal cord"). He told plaintiffs that the nuchal cord was the most likely cause of the baby's death.

At trial, plaintiffs' expert witness, Dr. Robert Romney, testified that the Mountainlands healthcare providers breached the applicable standard of care in numerous ways during the time period leading up to the baby's death. The district court excluded some of Dr. Romney's opinions because they were not disclosed to the defense prior to trial. In any event, it concluded that all of his opinions were

contradicted by other evidence and were outweighed by the testimony of the defendants' expert obstetrician, Dr. Robert Later.

Relying on Dr. Later's testimony, the district court concluded that "the most likely explanation of the stillbirth was fetal asphyxia due to the nuchal cord, which was not caused by any act or omission of the Mountainlands healthcare providers." Accordingly, it granted judgment for the United States.

Plaintiffs moved pro se for reconsideration of the verdict, contending that their attorney had failed to present certain evidence relevant to their healthcare providers' medical negligence. The district court construed their pleading as a Fed. R. Civ. P. 60(b) motion, and concluded that plaintiffs had failed to establish their entitlement to relief under that rule. It denied their motion. Plaintiffs appeal.

**II**

Plaintiffs' pro se notice of appeal is ambiguous. It is not clear which order they intended to appeal from: the underlying judgment or the order denying their Rule 60(b) motion. The notice states that they are appealing "from the final judgment [in] favor of defendants," which seems to refer to the judgment on the district court's bench trial verdict. But immediately following this statement, the notice specifies that "the decision was signed on the 3rd of [A]ugust and was sent to the post office the 8th of [A]ugust 2012[.]" Those dates appear to correspond with the order denying their Rule 60(b) motion.

We note, however, that the notice of appeal was only timely as regarding the order denying Rule 60(b) relief.[1] The district court entered its judgment on April 19, 2012. Plaintiffs did not file their Rule 60(b) motion until June 19, 2012. The motion was therefore not filed within twenty-eight days of the district court's judgment and did not toll the sixty-day time period for seeking review of that judgment. See Fed. R. App. P. 4(a)(1)(B)(i) (requiring notice of appeal be filed within sixty days in cases where United States is a party); 4(a)(4)(A)(vi) (tolling time period for notice of appeal where "the motion is filed no later than 28 days after the judgment is entered"). The sixty days to appeal thus expired before plaintiffs filed their notice of appeal on August 22, 2012.

However, the notice of appeal is timely to seek review of the order denying plaintiffs' Rule 60(b) motion, which was entered August 3, 2012. We therefore confine ourselves to reviewing the denial of that motion. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. Walters v. Wal-Mart Stores, Inc., 703 F.3d 1167, 1172 (10th Cir. 2013).

## III

Plaintiffs contend they were poorly served by their counsel at trial. They assert that counsel failed to present evidence in favor of their claim that should have

---

[1] This court previously entered an order to show cause, instructing the plaintiffs to explain if and why their appeal was timely from the underlying final judgment entered April 19, 2012. We have considered plaintiffs' arguments in response to the order, along with the response filed by defendants.

been brought to the district court's attention. Even if this is true, an attorney's ineffective representation in a civil case is not a basis for reversing the district court's verdict. See Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006).[2]

Through their pro se Rule 60(b) motion, plaintiffs attempted to persuade the district court to rehear and reweigh the evidence in favor of their claims. They attached numerous exhibits to their motion, which they contended required a different result. The district court disagreed, concluding that most of the motion merely rehashed arguments made by plaintiffs' counsel at trial, that plaintiffs failed to show that the evidence was "new" in the sense that they discovered it after the trial, and that the evidence did not support plaintiffs' allegations. In sum, it concluded that none of the evidence would produce a different result.

On appeal, plaintiffs again present issues relating to their alleged new evidence, which they contend demonstrates that the district court should have granted their Rule 60(b) motion because a new trial with the additional evidence would probably have produced a different result. The district court's ruling on their Rule 60(b) motion relied heavily on the evidence presented at trial as well as the evidence plaintiffs presented with their motion. Plaintiffs have not provided us with a complete trial transcript permitting review of the evidence presented at trial.

_____

[2] Plaintiffs complain that they did not have a Spanish-language translator during trial, except during their own testimony. Because they were represented by counsel during trial, we view this as a complaint that their attorneys failed to obtain the services of a translator for them. Again, counsel's ineffective assistance, even if proved, would not entitle plaintiffs to a reversal or retrial.

An adequate record on appeal, which allows us to examine the relevant materials and proceedings before the district court, is necessary for us to undertake appellate review. The burden is on plaintiffs to "provide all portions of the transcript necessary to give [us] a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.1(A)(1). Where an appellant raises sufficiency of the evidence, "the entire relevant trial transcript must be provided." Id. Because the record plaintiffs have presented does not contain a complete trial transcript, it is inadequate for us to review both the sufficiency of the evidence at trial and the effect of the alleged new evidence on the district court's verdict. We must therefore affirm the district court's denial of plaintiffs' Rule 60(b) motion. See Roberts v. Roadway Exp., Inc., 149 F.3d 1098, 1104-05 & n.3 (10th Cir. 1998).

## IV

We **AFFIRM** the district court's denial of plaintiffs' Rule 60(b) motion. We **GRANT** plaintiffs' motion to proceed in forma pauperis on appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge