FILED
United States Court of Appeals
Tenth Circuit

August 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRIS TILLOTSON,

      Petitioner - Appellant,

v.

WILLIAM MAY; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 14-1282
(D.C. No. 1:14-CV-00751-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Following a bench trial in 2009, a Colorado state district court judge found Chris Tillotson not guilty by reason of insanity of second degree assault on a police officer and other charges. The court remanded him to the custody of the Colorado Department of Human Services. He is confined in the Colorado Mental Health Institute.

Proceeding pro se, Mr. Tillotson moved on March 21, 2014, for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the motion as untimely. He now seeks a certificate of appealability ("COA") to challenge the district court's

---

    *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal. *See* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal the denial of a habeas petition). We have jurisdiction under 28 U.S.C. § 1291.

Where, as here, the district court dismisses a petition on procedural grounds, we will grant a COA only if the petitioner can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In his Combined Opening Brief and Application for Certificate of Appealability, Mr. Tillotson not only fails to demonstrate the dismissal of his habeas motion as untimely is debatable, he does not address untimeliness at all. Because Mr. Tillotson continues to proceed pro se, we construe his "arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). We therefore will not "make his arguments for him." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013).

We deny COA and dismiss this matter. We deny his request to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge