**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRYL HODGE,

     Petitioner - Appellant,

v.

STATE OF UTAH,

     Respondent - Appellee.

No. 16-4043
(D.C. No. 1:14-CV-00118-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
_____

Darryl Hodge, proceeding pro se, seeks to appeal the district court's dismissal

of his application for habeas relief under 28 U.S.C. § 2254. We deny a certificate of

appealability (COA) and dismiss the appeal.

Hodge was convicted in Utah state court in 2007 of aggravated sexual assault

and aggravated assault. He filed a § 2254 habeas application in 2014. Respondent

moved to dismiss the application as untimely. After Hodge responded, the district

court ordered Respondent to file a proposed order on its dismissal motion. The court

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

further ordered Hodge to respond to the proposed order within 14 days of its filing. R. at 169. Respondent filed a proposed order on February 17, 2016, but Hodge didn't file a response. On March 21, 2016, the district court dismissed Hodge's habeas application under Fed. R. Civ. P. 41(b) for failure to obey the court's order and failure to prosecute the case. R. at 183.

Although we liberally construe a pro se party's application for a COA, *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), we don't make arguments for him, *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013). In his COA application, Hodge addresses the merits of his habeas claims, but he doesn't advance any contention of error in the district court's dismissal of his case under Rule 41(b). Consequently, Hodge hasn't demonstrated "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," as required for this court to issue a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Hodge's application for a COA is denied and the appeal is dismissed. We deny his motion to proceed on appeal without prepayment of fees and costs. Hodge must immediately pay the full amount of appellate filing fees and costs.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

2