**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DALE SNYDER; MARILYN SNYDER;
MARY ANN GELDREICH; MARY
HARROW; KENNETH DALE YODER,
a/k/a KEN YODER; CATHERINE
TAYLOR, a/k/a KATE TAYLOR;
MARTHA LEMERT; GARY LEMERT;
JEFFREY RAY, a/k/a JEFF RAY;
JENNIFER RAY; LOUISE CREAGER;
JANET KOCH; IAN SIEMPLENSKI;
TOMMY MEYER; NICOLE
WRIGHT-MEYER; SUEHAM KAY
HOFFMAN, individually and as
representative for the Estate of Dorothy
Wood Hammer; LAILA SAEDA URBAN,
individually and as representative for the
Estate of Dorothy Wood Hammer;
ESTATE OF DOROTHY WOOD
HAMMER, individually and on behalf of
all others similarly situated,

      Plaintiffs - Appellants,

v.

ACORD CORPORATION, a Delaware
non-profit corporation; ACUITY, A
MUTUAL INSURANCE COMPANY, a
Wisconsin corporation; ADDISON
INSURANCE COMPANY, an Iowa
corporation; ALL AMERICA
INSURANCE COMPANY, an Ohio
corporation d/b/a The Central Insurance
Companies; ALLIANZ GLOBAL RISKS
US INSURANCE COMPANY, a
California corporation; ALLIANZ LIFE
INSURANCE CO. OF NORTH
AMERICA, a Minnesota corporation;
ALLIANZ OF AMERICA, INC., a

Nos. 16-1111 and 16-1215
(D.C. No. 1:14-CV-01736-JLK)
(D. Colo.)

Delaware corporation; ALLSTATE INSURANCE COMPANY, an Illinois corporation; AMERICAN ASSOCIATION OF INSURANCE SERVICES, INC., a Delaware non-profit corporation; AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri corporation a/k/a Fireman's Fund Insurance Company of Missouri; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida corporation; AMERICAN FAMILY HOME INSURANCE COMPANY, a Florida corporation; AMERICAN FAMILY MUTUTAL INSURANCE COMPANY, a Wisconsin corporation; AMERICAN INDEMNITY FINANCIAL CORPORATION, a Delaware corporation; AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; AMERICAN MODERN INSURANCE GROUP, INC., an Ohio corporation; AMERICAN MODERN HOME INSURANCE COMPANY, an Ohio corporation; AMERICAN MODERN SELECT INSURANCE COMPANY, an Ohio corporation; AMERICAN RELIABLE INSURANCE COMPANY, an Arizona corporation; AMERICAN STRATEGIC INSURANCE CORP., a Florida corporation; ASSOCIATED INDEMNITY CORPORATION, a California corporation; AUTOMOBILE INSURANCE COMPANY OF HARTFORD CONNECTICUT, a Connecticut corporation; AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation d/b/a Auto-Owners Insurance; CASUALTY ACTUARIAL SOCIETY, an Illinois not for profit corporation; CENTRAL MUTUAL INSURANCE COMPANY, an Ohio corporation d/b/a The Central Insurance

2

Companies; THE CHUBB CORPORATION, a New Jersey corporation; CHUBB NATIONAL INSURANCE COMPNAY, an Indiana corporation; CHUBB SERVICES CORPORATION, an Illinois corporation; CINCINNATI INSURANCE COMPANY, an Ohio corporation; COLORADO FARM BUREAU MUTUAL INSURANCE CO., a Colorado corporation; COUNTRY MUTUAL INSURANCE COMPANY, an Illinois corporation; ELECTRIC INSURANCE COMPANY, a Massachusetts corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation d/b/a EMC Insurance Companies; ENCOMPASS INDEMNITY COMPANY, an Illinois corporation; ENCOMPASS INSURANCE COMPANY OF AMERICA, an Illinois corporation d/b/a Encompass Insurance; FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a Kansas corporation; FARMERS INSURANCE COMPANY, an Iowa corporation a/k/a Farmers Casualty Insurance Company d/b/a Farmers Insurance Exchange; FEDERAL INSURANCE COMPANY, an Indiana corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY, a California corporation d/b/a First American Property & Casualty Group; FIRST AMERICAN FINANCIAL CORPORATION, a Delaware corporation; GRANGE INSURANCE ASSOCIATION, a Washington corporation; GREAT NORTHERN INSURANCE COMPANY, an Indiana corporation; GUIDEONE

3

MUTUAL INSURANCE COMPANY, an Iowa corporation d/b/a Guideone Insurance; HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; INSURANCE SERVICES OFFICE, INC., a Delaware corporation; INTERNATION INSURANCE SOCIETY, INC., a Delaware non-profit corporation; KEMPER CORPORATE SERVICES, INC., an Illinois corporation; KEMPER CORPORATION, a Delaware corporation; LAFAYETTE INSURANCE COMPANY, a/k/a United Life Insurance Company, Inc.; LIBERTY INSURANCE CORPORATION, an Illinois corporation; LIBERTY MUTUAL INSURANCE, a Massachusetts corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; LM INSURANCE CORPORATION, an Illinois corporation; MARKEL AMERICAN INSURANCE COMPANY, a Virginia corporation; MARKEL INSURANCE COMPANY, an Illinois corporation; MCKINSEY & COMPANY, INC., a Delaware corporation a/k/a McKinsey & Company, Inc. Washington D.C.; MCKINSEY & COMPANY, INC. a New York corporation; METLIFE AUTO & HOME INSURANCE AGENCY, INC., a Rhode Island corporation; METROPOLITAN DIRECT PROPERTY & CASUALTY INSURANCE COMPANY, a Rhode Island corporation; METROPOLITAN LIFE INSURANCE COMPANY, a Rhode Island corporation; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island corporation; MILBANK INSURANCE COMPANY, an Iowa corporation; MUNICH-AMERICAN

4

HOLDING CORPORATION, a Delaware corporation; NATIONAL CASUALTY COMPANY, a Wisconsin corporation; NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, a Wisconsin corporation; NATIONAL SURETY CORPORATION, an Illinois corporation; NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, an Ohio corporation; NATIONWIDE INSURANCE COMPANY OF AMERICA, a Wisconsin corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation d/b/a Nationwide Insurance; OWNERS INSURANCE COMPANY, an Ohio corporation d/b/a Auto-Owners Insurance d/b/a Home-Owners Insurance; PACIFIC INDEMNITY COMPANY, a Wisconsin corporation; PHARMACISTS MUTUAL INSURANCE COMPANY, an Iowa corporation; PRAETORIAN INSURANCE COMPANY, a Pennsylvania corporation; PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, a Colordo non-profit corporation; QBE HOLDINGS, INC., a Delaware corporation; QBE INSURANCE COMPANY, a Pennsylvania corporation a/k/a QBE Insurance Corporation; QBE INSURANCE GROUP, LIMITED, a Sydney, Australia corporation; SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation; SENTRY INSURANCE, A MUTUAL COMPANY, a Wisconsin corporation; SHELTER MUTUAL INSURANCE COMPANY, a Missouri corporation; STANDARD FIRE INSURANCE COMPANY, a Connecticut corporation; STATE AUTOMOBILE INSURANCE COMPANY, an Ohio corporation; STATE FARM FIRE AND CASUALTY

5

COMPANY, an Illinois corporation; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation; STILLWATER PROPERTY AND CAUALTY INSURANCE COMPANY, a New York corporation a/k/a Fidelity National Property and Casualty Insurance Company d/b/a Stillwater Insurance Group; TEXAS GENERAL INDEMNITY COMPANY, a Colorado corporation; THE BUCKEYE STATE MUTUTAL INSURANCE COMPANY, an Ohio corporation d/b/a Buckeye Insurance Group; THE CALIFORNIA CASUALTY INDEMNITY EXCHANGE, a California corporation; THE HARTFORD FINANCIAL SERVICES GROUP, a Delaware corporation; THE TRAVELERS COMPANIES INC., a Minnesota corporation; THE TRAVELERS INSURANCE COMPANY, a Connecticut corporation; THE TRAVELERS INSURANCE GROUP HOLDINGS, INC., a Connecticut corporation; TRAVELERS HOME AND MARINE INSURANCE COMPANY, a Connecticut corporation; TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; TRAVELERS COMMERCIAL INSURANCE COMPANY; UNITED FIRE GROUP, INC., an Iowa corporation d/b/a United Fire Group; UNITED FIRE & CASUALTY COMPANY, an Iowa corporation d/b/a United Fire Group; UNITED FIRE INSURANCE COMPANY, an Illinois corporation d/b/a United Fire Group; UNITED FIRE AND INDEMNITY COMPANY, a Texas corporation; UNITED FIRE LLOYDS, a Texas corporation; UNITED LIFE INSURANCE COMPANY, an Iowa corporation; UNITED SERVICES

6

AUTOMOBILE ASSOCIATION, a Texas corporation; UNITRIN AUTO AND HOME INSURANCE COMPANY, A New York corporation; UNITRIN DIRECT PROPERTY & CASUALTY COMPANY, an Illinois corporation; USAA CASUALTY INSURANCE COMPANY, a Texas corporation; VERISK ANALYTICS INC., a Delaware corporation; VIGILANT INSURANCE COMPANY, a New York corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; ZURICH INSURANCE GROUP LTD/FI, a Switzerland corporation; SECURA INSURANCE HOLDINGS, INC., a Wisconsin corporation; UNITED FIRE AND INDEMNITY COMPANY; ABC INSURANCE COMPANY, an entity whose true name is unknown d/b/a Untied Fire Group; ABC ORGANIZATION, an entity or group of entities, whose true names are unknown,

     Defendants - Appellees.

------------------------------

UNITED POLICYHOLDERS,

     Movant.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **HARTZ**, Circuit Judges.
_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

7

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs-Appellants appeal from the district court's dismissal with prejudice of their 260-page, 1,363 paragraph, third amended complaint (TAC) and subsequent denial of their motion for relief from final judgment. Fed. R. Civ. P. 12(b)(6), 60(b)(1)-(3), 59(e). Snyder v. ACORD Corp., No. 1:14-CV-01736-JLK, 2016 WL 192270 (D. Colo. Jan. 15, 2016); XIX Aplt. App. 3712. The parties are familiar with the facts, and we need not restate them here other than to say that 17 named Plaintiffs attempted to bring a class action against their insurers as well as numerous other insurers, holding companies, trade associations and consulting firms. Their theory is that the Defendants are involved in a massive conspiracy to underinsure and underpay homeowners' claims in no small part because of insurance industry standards developed by Defendant ACORD and others. As relevant to this appeal, Plaintiffs brought federal claims under civil RICO and the Sherman Act, § 1, as well as state-law civil conspiracy and contract claims.

We have considered the points made on appeal and of those points preserved, we find no reversible error. See Aplt. Br. at 2-5. Suffice it to say that the district court did not abuse its discretion in dismissing the TAC for want of a simple, concise statement of the claims, one that would provide fair notice of the claims asserted against each defendant, rather than leave it to the court or each defendant to construct

8

cognizable claims. Fed. R. Civ. P. 8(a)(2), (d)(1); <u>Mann v. Boatright</u>, 477 F.3d 1140, 1148 (10th Cir. 2007). Likewise, on de novo review, we conclude that the district court correctly applied the plausibility standard in dismissing the TAC with prejudice for failure to state a claim. Fed. R. Civ. P. 12(b)(6); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Although Plaintiffs contend that the district court should have conducted a sanctions analysis and permitted the filing of an amended complaint, the complaint was not dismissed as a sanction and we find no abuse of discretion in denying leave to amend. Likewise, the district court's denial of Plaintiffs' motion for relief from final judgment (after insisting upon a concise presentation of the grounds) was not an abuse of discretion. <u>See</u> <u>Walters v. Wal–Mart Stores, Inc.</u>, 703 F.3d 1167, 1172 (10th Cir. 2013) (denial of relief under Rules 59(e) & 60(b) reviewed for an abuse of discretion). Finding no legal error or abuse of discretion, we have no reason to consider the cumulative error claim. We affirm for substantially the reasons set forth in the district court's orders.

AFFIRMED. We GRANT Appellees' Motion to Strike Appendix 1 to the Appellants' Notice of Appeal (Doc. 500), DENY United Policyholders' Motion for Leave to File a Brief of *Amicus Curiae* in Support of Appellants, DENY Appellants' Motion for Sanctions, Pursuant to 10th Cir. R. 46.5(D), and GRANT Appellees' (American Bankers Insurance Company of Florida and American Reliable Insurance

9

Company) Motion for Withdrawal of Attorney (Robert D. Hefland).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge