FILED
United States Court of Appeals
Tenth Circuit

June 14, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

SECURITIES AND EXCHANGE
COMMISSION,

      Petitioner - Appellee,

v.

HARMAN WRIGHT GROUP, LLC,

      Respondent,

and

TYTUS W. HARKINS; JASON M.
WHITE,

      Respondents - Appellants.

No. 18-1476
(D.C. No. 1:18-MC-00190-CMA)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Tytus W. Harkins and Jason M. White (together, Appellants), proceeding

pro se, appeal from the district court's order compelling them to comply with

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

subpoenas issued by the Securities and Exchange Commission (SEC). The district court's order is a final decision that affords us jurisdiction under 28 U.S.C. § 1291. *E.E.O.C. v. Dillon Cos.*, 310 F.3d 1271, 1272 (10th Cir. 2002). We affirm.

## BACKGROUND

Appellants are founding principals and officers of Hartman Wright Group, LLC (HWG). They, as well as HWG, are the subjects of an SEC investigation. Appellants failed to comply with testimonial subpoenas issued by the SEC, causing the SEC to file in the district court an application to compel compliance.[1]

The district court set a show-cause hearing and directed Appellants to respond to the SEC's application within seven days after receiving notice. The order further stated that "[i]f a response is not filed within the prescribed time, the Court may treat the Application as conceded." R., Vol. II at 6. The district court then granted Appellants' motion for an extension, setting a November 13, 2018, deadline for the response. On November 13, Appellants mailed their documents, which the district court received and filed on November 15. The SEC filed a reply on November 20.

The day after the SEC filed its reply, the district court issued its order compelling Appellants to comply with the subpoenas. It held that the SEC had satisfied the four requirements for a court to enforce an administrative agency

---

[1] HWG also was subpoenaed and was named as a respondent to the SEC's application to enforce, but it has not appealed. The government states that HWG produced documents after the district court held it in contempt.

investigative subpoena.  *See* R., Vol. II at 215-16 (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)).  The district court further stated:

> Moreover, in this Court's order granting the SEC's application for an order to show cause, the Court indicated that Respondents were required to file a timely response to the SEC's motion.  Additionally, the Court advised that if a response is not filed within the prescribed time, the Court may treat the Application as conceded.  After this Court granted Respondents an extension of time to respond, Respondents still failed to enter a timely submission.  Respondent[s'] response was due on 11/13/2018.  However, Respondents did not submit any filings until 11/15/2018.  Therefore, in light of Respondents' untimely response and the evidence submitted by the SEC, this Court finds that Respondents should be compelled to comply with the administrative subpoenas.

*Id.* at 217-18 (record citations and internal quotation marks omitted).  It later summarily denied Appellants' motion for reconsideration.

## DISCUSSION

We review for abuse of discretion both the order compelling compliance and the order denying reconsideration.  *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013) (Fed. R. Civ. P. 59(e) and 60(b) motions); *Dillon Cos.*, 310 F.3d at 1274 (order regarding administrative subpoenas).  "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings."  *Walters*, 703 F.3d at 1172 (internal quotation marks omitted).

Before this court, Appellants do not challenge the requirements for enforcement that the district court identified or the court's reasons for determining that the SEC satisfied those requirements.  Instead, they reiterate the arguments they made in their motion for reconsideration—that the district court erroneously

3

disregarded their response as untimely and issued its order prematurely because they did not have time to file a sur-reply. Appellants also request an award of costs.

In asserting that their filings were timely, Appellants rely on Fed. R. Civ. P. 6(d), which provides, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." Appellants were not permitted to use the court's electronic filing system and were served by mail. Apparently this caused them to believe that they had three days beyond the district court's November 13 deadline to file their documents.

Appellants are mistaken. When the district court granted their motion for an extension, it did not direct them to act "within a specified time after being served." Rather, it ordered a set date—November 13—as the deadline. In those circumstances, Rule 6(d) did not apply. Because Appellants' response was not filed with the court on or before November 13, it was untimely.

Moreover, regardless of the untimeliness of the response, the district court did not issue the order solely on the ground of any concession by Appellants. Before discussing timeliness, it identified the requirements for enforcing an administrative subpoena and analyzed those requirements, finding each satisfied. And as part of that discussion, it noted Appellants' responsive arguments. As stated, Appellants do not dispute this portion of the district court's order, which in itself supports the order compelling compliance.

4

Appellants also complain that the district court ruled before they were able to finish preparing a sur-reply to the SEC's reply in support of its application. Appellants, however, had no right to file a sur-reply. While they cite "FRCP Rule 27(a)(3)(4)," Aplt. Opening Br. at 3, Fed. R. Civ. P. 27 is inapplicable. The language they quote[2] is from Rule 27(a)(4) of the Rules of *Appellate* Procedure. As an appellate rule, Rule 27(a)(4) did not control the briefing of the SEC's motion to compel compliance, and in any event, the rule provides for a reply, not a sur-reply. Further, Appellants have failed to present any reason why they should have been allowed the unusual privilege of filing a sur-reply—particularly, they give no reason why the arguments they wanted to make in their sur-reply had not been available to them when they filed their response just a few weeks earlier.

## CONCLUSION

Because Appellants fail to show that the district court's orders compelling compliance and denying reconsideration were an abuse of discretion, the district court's judgment is affirmed. In light of this disposition, Appellants are not entitled to the award of costs they request. Fed. R. App. P. 39(a)(2).

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] "Reply to Response. Any reply to a response must be filed within 7 days after service of the response. A reply must not present matters that do not relate to the response." Aplt. Opening Br. at 3 (internal quotation marks omitted).