FILED
United States Court of Appeals
Tenth Circuit

February 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRAVE LAW FIRM, LLC,

    Plaintiff - Appellant,

v.

TRUCK ACCIDENT LAWYERS
GROUP, INC.; BRAD PISTOTNIK LAW,
P. A.; BRADLEY A. PISTOTNIK,

    Defendants - Appellees.

No. 20-3049
(D.C. No. 6:17-CV-01156-EFM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

    Brave Law Firm, LLC ("Brave"), appeals from the district court's judgment

enforcing a settlement agreement in Brave's suit against Truck Accident Lawyers

Group, Inc., Brad Pistotnik Law, and Bradley A. Pistotnik (collectively, "Pistotnik").

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# BACKGROUND

Brave and Pistotnik are competing personal-injury law firms in Kansas. Brave sued Pistotnik for false advertising and unfair competition under the Lanham Act, as well as for violations of Kansas law. It alleged that certain print, video, and Internet advertisements stating that Pistotnik had obtained large verdicts or settlements were false or misleading for various reasons.

As relevant to this appeal, Brave challenged Pistotnik's advertisements regarding a certain $9 million settlement (the Settlement). During the litigation, Brave "agreed to dismiss this lawsuit upon receipt of authenticated, admissible proof that the $9,000,000 . . . settlement advertised by all of the Defendants occurred as advertised." *Id.* Vol. 5 at 991. Pistotnik produced documentation showing that Bradley Pistotnik was counsel in a suit that resulted in a $9.5 million settlement for an injured man, his wife, and their two minor children. But Brave declined to dismiss the case, stating that the production did not satisfy its offer because the settlement involved four clients, rather than one.[1]

Pistotnik moved to enforce the settlement agreement, and Brave argued in response that Pistotnik's pleadings admitted that he had advertised the Settlement as belonging to one client. After holding an evidentiary hearing, the district court ruled in favor of Pistotnik. Rejecting Brave's position, it held that "[t]he settlement offer requires [Pistotnik] to submit proof of a settlement that is consistent with its

---

[1] The discrepancy between the $9 million advertised amount and the $9.5 million settlement amount is not at issue.

2

advertisements. The Court can make its own conclusions regarding what the advertisements say, and it finds that they do not advertise obtaining a settlement for a single client." Aplt. App., Vol. 10 at 1754 n.11. The court therefore granted Pistotnik's motion to enforce the settlement agreement and dismissed the case.

Also relevant to this appeal, the magistrate judge entered a protective order preventing the parties from disclosing documents designated as confidential. Upon Brave's motion to compel, the magistrate judge required Pistotnik to produce documents concerning the Settlement, subject to the protective order. The documents showed the caption of the case underlying the Settlement, and with that information, Brave procured copies of the filings directly from that court. Pistotnik moved for a protective order requiring Brave to maintain the confidentiality of the former clients' identities and precluding it from publicly connecting the court records it obtained to the Settlement. Brave objected, asserting that the information it obtained from the originating court was public information.

The magistrate judge granted Pistotnik's motion, holding:

> In the abstract, plaintiff is correct that the policy in this district is not to protect from disclosure documents that are available to the public. But the issue here is more complex. As a matter of basic fairness, practicality, and respect for court orders, the court holds a litigant may not use confidential information that the court has *specifically* ruled subject to the court's protective order to obtain documents and then use those documents to publicize the very confidential information that the court protected.

Aplt. App. Vol. 7 at 1231 (footnote omitted). Noting that "the court . . . contemplated the identity of the parties to the underlying settlement would be protected," the magistrate judge stated, "[t]he court will not permit the plaintiff to

3

make an end-run around its orders." *Id.* at 1232. Brave filed Fed. R. Civ. P. 72(a) objections with the district court, which affirmed the magistrate judge's order.

Brave now appeals from the decisions enforcing the settlement agreement and upholding the confidentiality order.

## DISCUSSION

### I.      Enforcement of Settlement Agreement

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). "We review a district court's decision to enforce a settlement agreement for abuse of discretion." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013). "An abuse of discretion occurs when the district court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (internal quotation marks omitted). Under the abuse-of-discretion standard, "[w]e will leave the district court's decision undisturbed unless we have a definite and firm conviction that the court made a clear error of judgment." *Walters*, 703 F.3d at 1172.

Brave first argues that the district court erred in declining to consider Pistotnik's alleged admissions, in several pleadings and filings in the litigation, that the Settlement involved one client. It asserts that judicial admissions are binding at later stages in the litigation and that the court erred in "substitut[ing] its own opinion in lieu of admitted facts," Opening Br. at 28. We disagree. The terms of the

4

settlement offer are unambiguous, based on the Settlement "as advertised." Aplt. App. Vol. 5 at 991. The district court did not err in evaluating the advertisements without regard to the parties' characterizations thereof. And it did not err in declining to rewrite the terms of the settlement offer to include terms (including proof of a single client) that were not set forth therein.

Brave next challenges the district court's conclusion that the advertisements did not communicate that the Settlement was for one client. Pointing to a television ad's disclaimer that "[t]he client results from stated verdicts or settlements are real amounts," Aplt. App. Vol. 1 at 47; *id.* Vol. 7 at 1189, 1190, Brave argues that the term "client results" indicates that Pistotnik obtained the $9 million result for one client, not multiple clients. It disagrees with the court's determination that the disclaimer used "client" as an adjective rather than a noun, asserting, "[i]n the phrase 'client results,' the word 'client' acts as a possessive, singular noun denoting that the results advertised belonged to a client," Opening Br. at 34. Again, we disagree. The district court did not err in concluding that the disclaimer did not necessarily communicate that the Settlement was for a single client, rather than multiple clients. To the contrary, reading "client results" in the way Brave urges would imply that all of the settlements listed in the advertisement were for one client, which would be contrary to common sense.

Finally, Brave asserts that the settlement agreement did not constitute a contract under Kansas law because there was no meeting of the minds between the parties. It does not show where it made this argument in the district court, however,

5

nor does it reply to Pistotnik's assertion that the argument is new on appeal. And it does not argue for plain error before this court. "[T]he failure to do so—the failure to argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

For these reasons, we affirm the district court's decision to enforce the settlement agreement.

## II.    Protective Order

The district court has the power to enter and to modify protective orders. *See S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Like the decision to enforce a settlement agreement, we review decisions regarding protective orders for abuse of discretion. *See id.* "[W]e will not disturb a trial court's decision absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted).

Brave argues that publicly available information cannot be considered confidential. But although this argument may have some facial appeal, it ignores the peculiar circumstances of this case. Before this litigation, Brave spent years trying to learn the identities of the parties to the Settlement. It finally was able to identify those persons—who are not parties to this litigation—and pinpoint the underlying lawsuit only because the magistrate judge ordered Pistotnik to produce documents, pursuant to a protective order. Moreover, the parties have a long and contentious

history, and apparently Brave intended to publicly release the information it obtained from the originating court. Any such release likely would work to the detriment to the parties to the Settlement, who (again) are not parties to this lawsuit. In this situation, in which Brave obtained possession of otherwise public information only through leveraging its access to materials the magistrate judge declared protected, we cannot conclude that the district court abused its discretion in upholding the magistrate judge's orders.

For these reasons, we affirm the district court's decision rejecting Brave's Rule 72(a) objections and affirming the protective order.

## CONCLUSION

Brave's unopposed motion to seal Volume 6 of the Appellant's Appendix is granted. The district court's judgment is affirmed.

Entered for the Court

Allison H. Eid
Circuit Judge

7