**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHEILA L. ARMOUR,

     Plaintiff - Appellant,

v.

UNIVERSAL PROTECTION SERVICES,

     Defendant - Appellee.

No. 17-3203
(D.C. No. 2:17-CV-02227-DDC-GLR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

The district court dismissed Sheila L. Armour's pro se complaint asserting

employment-discrimination claims for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Ms. Armour filed a complaint against her former employer, Universal

Protection Services (Universal), purportedly under Title VII, 42 U.S.C. §§ 2000e-2,

2000e-3.  She alleged that she suffered a work injury, which she reported to her

supervisor.  Although her supervisor indicated he would submit an incident report,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Armour never received a response from Human Resources. She also claimed that Universal "switched companies" without acknowledging or compensating her for her injury. R. at 7. Ms. Armour referenced race discrimination and retaliation only by checking boxes in a form employment-discrimination complaint. Under "Nature of the Case," she checked a box stating that the conduct she complained of involved "retaliation"; she checked another box indicating her belief that she had been discriminated against based on her "race," which she identified as African American. R. at 6. Ms. Armour sought damages for her workplace injury and her resulting inability to work.

A magistrate judge screened Ms. Armour's complaint pursuant to § 1915(e)(2)(B)(ii) and issued a report and recommendation (R&R) that it be dismissed for failure to state a claim. The magistrate judge concluded that her vague and conclusory references to conduct motivated by her race were insufficient to state a claim under Title VII.

Ms. Armour filed objections to the R&R, which she claimed was "biased." R. at 43. She asserted that her complaint did state a claim that Universal had electrocuted her with a metal device and that exhibits to her complaint showed the extent of her injury. Regarding her allegation of race discrimination, Ms. Armour noted that Universal failed to offer her medical attention, relief from using the metal device, or workers' compensation. She emphasized that she was ignored after two attempts to inform her supervisor of her injury. Ms. Armour stated further, without elaboration, that she "made the accusation of discrimination because of her race

2

because of the other issues that [were] imposed on her during her employment that [were] constantly being discussed with her [supervisor]." *Id.* She also claimed that "the act of switching companies before her claim of work injury was resolved was an act of retaliation." *Id.*

In light of Ms. Armour's objections, the district court reviewed the R&R de novo. It agreed with the magistrate judge that her complaint failed to state a claim for relief. The court held that her objections simply reiterated the allegations in her complaint, which claimed only that Universal failed to respond to her workplace injury. The district court therefore adopted the R&R and dismissed Ms. Armour's action. She filed a timely motion for reconsideration, which the district court construed as filed under Rule 60(b)(6) and denied. Ms. Armour then filed a timely notice of appeal.

We review de novo the dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim, applying the same standard of review applicable to dismissals under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).[1] In our analysis, we "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). To avoid dismissal, "a complaint must contain enough allegations of fact, taken as true,

---

[1] Although we ordinarily review the district court's denial of a motion to reconsider for an abuse of discretion, *see Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013), Ms. Armour does not raise any contention in her appeal brief regarding the district court's basis for denying her Rule 60(b)(6) motion.

3

to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotation marks omitted). Importantly, we "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*. at 1191. Because Ms. Armour proceeds pro se, we liberally construe her complaint, but we do not assume the role of her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Ms. Armour purported to bring claims pursuant to Title VII, which makes it unlawful "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.* § 2000e–3(a).

Ms. Armour referenced race discrimination and retaliation in her complaint only by checking boxes in an employment-discrimination complaint form. Moreover, she did not allege any facts showing that Universal retaliated against her for engaging in a protected activity under Title VII. We agree with the district court that Ms. Armour's allegations of discrimination and retaliation were entirely conclusory. *See Khalik*, 671 F.3d at 1193 (holding allegation that the plaintiff was "targeted because of her race," without more, was conclusory). Striking her conclusory

4

allegations, Ms. Armour's complaint alleged only the following facts: (1) she is African American; (2) she suffered a workplace injury; and (3) Universal failed to acknowledge or compensate her for that injury and "switched companies" before doing so. Her complaint provided nothing more than speculation linking Universal's alleged conduct with a discriminatory or retaliatory motive. *See id.* at 1194.

Ms. Armour's allegations failed to state a plausible claim under Title VII. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted). Although the district court dismissed Ms. Armour's complaint without considering whether amendment would be futile, she does not argue that, given leave to amend, she could add non-conclusory allegations supporting her race-discrimination and retaliation claims. Consequently, we affirm the district court's dismissal of her complaint.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

5