**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

QUINN NGIENDO,

    Plaintiff - Appellant,

v.

PEP-KU, LLC; AMELIA LUDLOW;
MADISON CLINE,

    Defendants - Appellees,

and

LUCY EVANS,

    Defendant.

No. 19-3239
(D.C. No. 5:18-CV-04127-SAC-TJJ)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

Quinn Ngiendo, proceeding pro se, appeals from the district court's order

dismissing her amended complaint and denying her motion for leave to file a third

amended complaint. She also appeals from the district court's order denying her

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion for reconsideration and request to transfer venue. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I. Background

The following summary is taken from the factual allegations in Ms. Ngiendo's amended complaint.[1] Ms. Ngiendo is a resident of Kansas and originally from Kenya. She leased an apartment from defendant Pep-KU, LLC in April 2016 in The Reserves, which is primarily for student housing. The living arrangement involves roommates each leasing a private bedroom and sharing common areas including the bathrooms, living room, and kitchen. Her original roommates left after the 2016–2017 school year and she was assigned three new roommates—defendants Amelia Ludlow, Madison Cline, and Lucy Evans. Ms. Ludlow and Ms. Cline moved into the apartment on August 15, 2017.[2] Ms. Ngiendo identifies as black and the individual defendants are "all of white race." R., Vol. I at 29. Problems developed almost immediately after the individual defendants moved in with Ms. Ngiendo. According to Pep-KU's motion to dismiss, Ms. Ngiendo was a tenant at The Reserves through September 2017.

Ms. Ngiendo subsequently filed the lawsuit that gave rise to this appeal. In her amended complaint, she asserted a claim under the Fair Housing Act (FHA), alleging

---

[1] The district court dismissed Ms. Ngiendo's original complaint for failure to state a claim upon which relief may be granted, but gave her permission to file an amended complaint.

[2] At some point, Ms. Evans moved into the apartment, but she was not named as a defendant in the amended complaint and she is not a party to this appeal.

that she was constructively evicted and discriminated against based on her race and national origin.  She identified the following behaviors that she characterized as harassing and offensive:  (1) her milk would go bad, suggesting it was intentionally taken out of the refrigerator; (2) her roommates hid the remote control to the television; (3) Ms. Evans left a dirty undergarment on her clean bath towel and did not sincerely apologize; (4) her roommates would take over the living room and dining tables causing her to eat her meals in her room; (5) her roommates would leave "violent malicious notes"[3] on the stove, microwave, and refrigerator; and (6) her roommates did not pay their share of a very large utility bill.  *Id*. at 31-32.  Ms. Ludlow also played loud "nigga music" one day and once invited nine men into their very small living room.  *Id*. at 31.

Pep-KU, Ms. Ludlow, and Ms. Cline all moved to dismiss Ms. Ngiendo's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The district court granted the motions, concluding that the federal claims in the amended complaint failed to state a claim upon which relief could be granted.[4]  In doing so, the court considered whether the complaint contained "sufficient factual

---

[3] The amended complaint does not provide any information about the content of these notes.

[4] Ms. Ngiendo also asserted state law claims for breach of contract and defamation, but the district court declined to exercise supplemental jurisdiction over those claims.  Ms. Ngiendo does not challenge that portion of the district court's order on appeal.

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The court construed Ms. Ngiendo's FHA claim as alleging a hostile housing environment. But the court determined Ms. Ngiendo had not alleged facts that plausibly demonstrated: (1) her living conditions were sufficiently severe or pervasive to create an abusive environment; (2) the alleged harassment was based upon her race; or (3) Pep-KU knew or should have known about the harassment. The court also considered Ms. Ngiendo's claim that she was constructively evicted, but noted "the facts alleged in the amended complaint do not explain the eviction process," and further noted that "the amended complaint . . . does not allege facts plausibly showing there was a racial motive behind plaintiff's alleged eviction by defendant Pep-KU." R., Vol. I at 254.

While the motions to dismiss were pending, Ms. Ngiendo filed a motion for leave to file a third amended complaint.[5] In her proposed third amended complaint, she sought to add claims under the FHA for retaliation and discrimination based on disability. In its order dismissing the amended complaint, the district court also denied as futile Ms. Ngiendo's motion for leave to file a third amended complaint.

---

[5] Although Ms. Ngiendo sought leave to file what she characterized as a "Third amended Complaint," R., Vol. I at 92, we note that her proposed complaint was actually her second amended complaint (and third complaint overall).

Ms. Ngiendo then filed a motion seeking reconsideration of the district court's decision and requesting that her case be transferred to a different venue. The district court denied the motion.

Ms. Ngiendo now appeals from the district court's orders.

II. Discussion

We review de novo the district court's dismissal of Ms. Ngiendo's amended complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Wyoming v. U. S. Dep't of Interior*, 839 F.3d 938, 942 (10th Cir. 2016). We review for abuse of discretion the district court's denial of Ms. Ngiendo's motion for leave to amend her complaint, *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009), and the denial of her motion for reconsideration, *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013). We also note that "[a]lthough we liberally construe pro se filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Ms. Ngiendo's brief lists twenty-three issues for review. *See* Aplt. Opening Br. at 2-6. She then addresses four arguments in the section of her brief titled "Summary of Argument," *see id*. at 15-32, and then one argument in the section titled "Argument," *see id*. at 32-37.

Ms. Ngiendo's brief has not adequately preserved all twenty-three of her issues for review. "We do not consider merely including an issue within a list to be adequate briefing." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (internal quotation marks omitted). To the extent those issues are

5

not included as part of the arguments identified in the summary of the argument and argument sections, they are waived. *See id.* ("Issues will be deemed waived if they are not adequately briefed." (brackets and internal quotation marks omitted)).

Liberally construing Ms. Ngiendo's pro se brief, we will consider the merits of her arguments in both the summary of the argument and argument sections. We construe those argument as follows: (1) the district court erred in dismissing her amended complaint for failure to state a claim by concluding that "[she] did not endure prolonged incidents [of] abuse to qualify [for the] FHA" and did not give her pleadings the liberal construction Rule 8(e) of the Federal Rules of Civil Procedure requires, *see* Aplt. Opening Br. at 27; (2) the district court abused its discretion in dismissing her retaliation claim by stating she did not have a property interest in her guest's car, *see id.* at 28; (3) the district court abused its discretion by failing to transfer her case to another venue, *see id.* at 29-30; (4) the district court abused its discretion by not properly adjudicating the disability part of her FHA claim, *see id.* at 32; and (5) the district court erred in dismissing her FHA claim because she did plead disparate treatment in her housing situation based on her race, *see id.* at 36.

Having reviewed the briefs, the record, and the relevant legal authority, we conclude that the district court's order thoroughly and carefully resolved Ms. Ngiendo's claims. In particular, we agree with the district court that the harassment Ms. Ngiendo alleged in her amended complaint was not sufficiently severe or pervasive to plausibly plead a claim for a hostile housing environment under the FHA. Likewise, we agree that Ms. Ngiendo did not include sufficient

6

factual allegations to plausibly plead a claim that Pep-KU constructively evicted her based on her race. As for her retaliation and disability claims, those were included in her proposed third amended complaint, and the district court addressed them when considering her motion for leave to amend her complaint. The court concluded it would be futile to amend to add those claims because they also failed to state a claim upon which relief could be granted. We agree with the district court's assessment of those claims for the reasons articulated by the district court in its order. Finally, the district court denied the request to transfer as moot after denying Ms. Ngiendo's motion for reconsideration, and we agree with the district court's resolution of that motion.

Accordingly, we affirm the district court's judgment for substantially the same reasons stated by the court in its orders dated July 30, 2019, and September 23, 2019.

Entered for the Court

Jerome A. Holmes
Circuit Judge

7